UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00408

———

**John A. Grimes,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

———

**O R D E R**

Petitioner brought this habeas action to challenge his murder conviction. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that the petition be dismissed without prejudice as an unauthorized second or successive petition under 28 U.S.C. § 2244(b) and that a certificate of appealability be denied. Doc. 3 at 5. Petitioner filed written objections but does not deny that this petition raises the same claims as a previous petition that was dismissed with prejudice. *See* Doc. 5.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the objections "must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Petitioner's first objection is that the prohibition against second or successive habeas petitions does not apply where the first petition was dismissed as untimely rather than denied on the merits. This objection lacks merit. When a § 2254 petition is

dismissed as untimely, a second petition raising the same claims is successive. *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam).

Petitioner's second objection is that the bar against successive habeas petitions does not apply to petitions claiming actual innocence or ineffective assistance of counsel. This argument is legally incorrect. To bring a successive habeas petition, the petitioner must obtain authorization from a three-judge panel of the appropriate court of appeals. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (per curiam). Furthermore, the claim must satisfy "one of the two grounds raised in § 2244(b)(2)." *Id.* at 153. Those grounds are (1) a new retroactive constitutional right announced by the U.S. Supreme Court, and (2) newly discovered evidence that could not have been discovered earlier with due diligence and would establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(A)–(B). Here, petitioner has not presented an order from the U.S. Court of Appeals for the Fifth Circuit authorizing him to bring a successive habeas petition. Moreover, petitioner has not alleged a new constitutional right or newly discovered evidence.

Petitioner's third objection essentially argues that he should be allowed to bring a second habeas petition despite the bar on successive petitions. However, this court lacks jurisdiction to determine whether the petitioner may file a second habeas petition. *Burton*, 549 U.S. at 152 (holding that "because the . . . petition is a second or successive petition . . . the District Court never had jurisdiction to consider it in the first place" (cleaned up)). Petitioner must first seek that authorization from the U.S. Court of Appeals for the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A).

Having reviewed the report de novo and being satisfied that it contains no error, the court accepts the report's findings and recommendations. Petitioner's objections are overruled. This case is dismissed without prejudice to petitioner's ability to seek

authorization from the U. S. Court of Appeals for the Fifth Circuit to file a successive habeas petition.

*So ordered by the court on January 9, 2026.*

J. CAMPBELL BARKER
United States District Judge